IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN OCASIO** | : | CIVIL ACTION |
| Plaintiff, | : | No. _____ |
| v. | : | |
| **CITY OF ALLENTOWN** | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Karen Ocasio, by and through undersigned counsel, hereby complains as follows against Defendant City of Allentown ("City"):

**I.     INTRODUCTION**

1.     Allentown Mayor Matt Tuerk fired Karen Ocasio because she was outspoken on the issue of racial and ethnic discrimination within the City's workforce.  Tuerk knew it was illegal to fire her, but he did it anyway.  Tuerk considered Plaintiff a "troublemaker" who needed to be excised, no matter the legal ramifications.  And so Plaintiff files suit herein, prosecuting claims for illegal retaliation under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) ("**Title VII**") and the Pennsylvania Human Relations Act  (43 P.S. § 951 et seq.) ("**PHRA**").  A "short and plain" statement of facts follows, as prescribed by Rule 8 of the Federal Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff is an adult female and citizen of the United States.

3. The City is the county seat for Lehigh County, PA. It is governed by a Mayor and a seven-person City Council.

4. The City is an "employer" within the meaning of Title VII and the PHRA because it is engaged in an industry affecting interstate commerce and because it has maintained 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

5. At all times relevant herein, the City acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for the City at all times relevant herein. The City is therefore fully responsible for the illegal acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

## III. JURISDICTION AND VENUE

6. This Court may properly maintain personal jurisdiction over the City because the City's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the City to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The United States District Court for the Eastern District of Pennsylvania has original

subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over the PHRA claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district and the City is subject to personal jurisdiction in the Eastern District of Pennsylvania.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the PHRA. In particular:

  a. Plaintiff filed a timely written charge of retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC");

  b. The EEOC assigned it Charge No. 530-2024-02767;

  c. On or about September 23, 2025, Plaintiff received her Right to Sue letter;

  d. The instant action is timely because it was initiated within ninety (90) days of the receipt of the aforementioned Notice;

    e.    Plaintiff has fully exhausted her administrative remedies.

## V.    FACTUAL BACKGROUND

10. Plaintiff is a black, Hispanic female.

11. On or about November 2, 2018 Plaintiff was hired as a clerk in the City's Police Department.

12. In or about August 2020, Plaintiff was promoted to Human Resource Coordinator within the City's HR Department.

13. In or about July 2022, Plaintiff was promoted to Benefits Manager, also within the HR Department.

14. In or about October 2022, Plaintiff submitted a complaint of discrimination to the City's Solicitor. At this time, Tuerk was the City's Mayor.

15. Also in or about October 2022, Plaintiff reported her concerns of discrimination to one of Tuerk's top aides. Within weeks, that top aide accused Plaintiff of spreading inappropriate rumors.

16. Also in or about October 2022, Plaintiff reported her concerns of discrimination directly to Tuerk. Tuerk replied that Plaintiff was the only one who seemed to have a problem.

17. In or about this time, Plaintiff reported that as the only non-Caucasian in the HR Department, she was being subjected to racial/ethnic hostility and disparate treatment.

18. As but one example, Plaintiff was denied training and assistance in her new position.

19. As another example, Plaintiff was excluded from managers' meetings.

20. As another example, Plaintiff's White colleagues tried to exclude her from interviewing job applicants.

21. As another example, Plaintiff was told her prior work area (before being promoted to Benefits Manager) was considered "Mexico" and that the area where managers worked was considered the "the United States."

22. As another example, one or more of Plaintiff's important job functions were taken from her.

23. As another example, when Plaintiff was promoted to Benefits Manager, the HR Director was Black. Shortly thereafter, that HR Director was removed and Plaintiff was told the people whom the former HR Director had hired were not qualified, and neither was the former HR Director.

24. Plaintiff was told that in order to get a person qualified to do the HR Director job, the person will most likely be a White person.

25. In the Fall of 2022, Plaintiff filed a complaint of discrimination with the PHRC and EEOC.

26. In or about January 2023, Plaintiff went out on medical leave due to the increasingly hostile work environment and the stress it was causing.

27. When Plaintiff returned in July 2023 she was not given her same position back. She was demoted to an HR Generalist position, and her office had been taken from her. As well, her belongings had been scattered outside her former office.

28. Plaintiff's new work area was a bare desk in a corner. The White co-worker who informed Plaintiff said, "this is where you sit now" and laughed in Plaintiff's face.

29. When Plaintiff returned in July 2023, Tuerk was pressuring the new HR Director to fire her, as Tuerk considered Plaintiff to be a "troublemaker" due to her complaints of discrimination.

30. Tuerk claimed that Plaintiff's prior discrimination complaints disrupted departmental operations.

31. Tuerk further instructed the new HR Director to confer with the City's outside HR consultant regarding Plaintiff's removal.

32. During the meetings Tuerk had with the new HR Director, Tuerk would usually inquire about the progress of Plaintiff's termination.

33. The new HR Director, however, evaluated Plaintiff's performance, found no deficiencies, and declined to terminate her employment.

34. When the new HR Director continually refused to fire Plaintiff, Tuerk fired the new HR Director on or about August 18, 2023.

35. On September 26, 2023, Plaintiff addressed City Council at a public meeting

36. Plaintiff told City Council about the discrimination she had been facing. She informed City Council of Tuerk's lack of responsiveness and called for an outside investigation.

37. Tuerk was present at this City Council meeting, watching Plaintiff from just a few feet away when she addressed City Council.

38. On November 20, 2023, the Mayor abruptly fired Plaintiff, with no explanation given. There was no prior warning or corrective action.

## COUNT ONE - TITLE VII AND PHRA VIOLATIONS
## <u>RETALIATION</u>

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. In the manner set forth above, Defendant engaged in knowing, purposeful and unlawful retaliation against Plaintiff.

41. As a result of the unlawful retaliation perpetrated by Defendant, Plaintiff has suffered pecuniary damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost bonuses, lost training, and lost experience.

42. As a result of the retaliation inflicted by Defendant, Plaintiff has suffered significant emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII and the PHRA;

B. Defendant is to promulgate and/or adhere to a policy prohibiting discrimination and/or retretaliation in the workplace, and ensure this policy is fairly and adequately enforced;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole

for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date his employment was terminated until the date of verdict, and Defendant should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D. Plaintiff is to be awarded compensatory damages for the mental anguish, emotional distress, pain and suffering caused by Defendant's actions;

E. Plaintiff is to be accorded equitable or injunctive relief as allowed by applicable law;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

G. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate;

H. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant;

I. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

        **WEINSTEIN LAW FIRM, LLC**

By: *Marc E. Weinstein*
        Marc E. Weinstein, Esquire
        500 Office Center Drive, Suite 400
        Fort Washington, PA 19034
        marc@meweinsteinlaw.com
        267.513.1942 tel
        Counsel to Plaintiff

Dated:    December 15, 2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAREN OCASIO

### DEFENDANTS
CITY OF ALLENTOWN

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: LEHIGH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc E. Weinstein, WEINSTEIN LAW FIRM, LLC, 500 Office Center Dr., Ste. 400, Ft. Washington, PA 19034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*
(Not applicable — Federal Question case)

## IV. NATURE OF SUIT
[X] 442 Employment (Civil Rights)

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 42 U.S.C. § 2000e et seq.
Brief description of cause: Employment Retaliation

## VII. REQUESTED IN COMPLAINT:
CLASS ACTION: No
DEMAND $: _____
JURY DEMAND: [X] Yes

## VIII. RELATED CASE(S) IF ANY
JUDGE: _____ DOCKET NUMBER: _____

DATE: Dec 15, 2025
SIGNATURE OF ATTORNEY OF RECORD: *Marc E. Weinstein*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____LEHIGH COUNTY_____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / **[X]** **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. **XXX** **Employment**
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / **XX** **does not** have implications beyond the parties before the court and ☐ **does** / **XX** **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

**XXX** Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration. *(signature)*

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.